Filed 7/23/15  P. v. Carver CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BENJAMIN RICHARD CARVER,<br><br>    Defendant and Appellant. | D067078<br><br><br>(Super. Ct. No. SCD255241) |

APPEAL from a judgment of the Superior Court of San Diego County, Lorna A. Alksne, Judge.  Affirmed.

Marilee Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marvin E. Mizell, Deputy Attorneys General, for Plaintiff and Respondent.

Prior to passage of Proposition 47, appellant Benjamin Richard Carver, pled guilty to one count of possessing concentrated cannabis in violation of Health and Safety Code

section 11357, subdivision (a). The trial court suspended imposition of sentence and placed appellant on three years formal probation. Appellant filed a notice of appeal and a later supplemental notice of appeal based, in part, on matters that occurred after his guilty plea.

At both the time of appellant's guilty plea and the trial court's order placing him on formal probation, violation of Health and Safety Code section 11357, subdivision (a), could be treated as a misdemeanor or a felony. On November 4, 2014, the voters approved Proposition 47, the "Safe Neighborhoods and Schools Act." Among other matters, Proposition 47 makes violation of Health and Safety Code section 11357, subdivision (a), a misdemeanor, unless, because of the defendant's prior conviction of a so-called "super strike" offense (Pen. Code, § 667, subd. (e)(2)(C)(iv)), or an offense which requires registration as a sex offender (Pen. Code, § 290), felony sentencing is required. Proposition 47 sets forth specific procedures by which those who are serving, or have completed, felony sentences for violation of enumerated drug and theft crimes, may have their convictions reduced to misdemeanors.

On appeal, appellant asks that we determine as a matter of law that his conviction is a misdemeanor and that we remand his case for resentencing. We decline to do so. Although, because the predicates to felony sentencing under Proposition 47 do not appear in the record and therefore it is quite likely that misdemeanor sentencing will be ordered by the trial court upon petition by appellant, the terms of Proposition 47 do not permit us to provide that relief on direct appeal.

2

FACTUAL AND PROCEDURAL BACKGROUND

On April 8, 2014, after appellant and an undercover police officer engaged in a conversation near the seawall at the end of 5000 Newport Avenue in Ocean Beach, appellant placed a small plastic bag of marijuana under a skateboard. The officer retrieved the plastic bag and left $40 in marked currency under the skateboard. Thereafter appellant was arrested and found in possession of the marked $40. Appellant was charged in a felony complaint with one count of selling marijuana in violation of Health and Safety Code section 11360, subdivision (a).

At his jury trial, appellant contested the undercover officer's description of the circumstances surrounding their encounter and the jury was unable to reach a verdict. The trial court declared a mistrial.

On September 23, 2014, pursuant to an agreement between the parties: the district attorney added a second count to the complaint, which alleged appellant had possession of concentrated marijuana in violation of Health and Safety Code section 11357, subdivision (a); appellant pled guilty to the added count; in exchange for appellant's guilty plea, the district attorney agreed the sales count could be dismissed. In the course of taking appellant's plea, the trial court advised appellant he was pleading guilty to a felony, that if probation was revoked and appellant was sent to prison, the instant conviction would be treated as a "prison prior." The trial court further advised appellant that as a consequence of his plea, appellant could not possess a firearm.

On October 21, 2014, the trial court suspended imposition of sentence on appellant and instead placed appellant on three years of formal probation.

3

On November 4, 2014, the voters adopted Proposition 47.

On November 26, 2014, appellant filed a notice of appeal with a request for a certificate of probable cause, which was denied. On December 12, 2014, appellant filed a supplemental notice of appeal based in part on matters occurring after his guilty plea.

## DISCUSSION

As we indicated at the outset, on appeal appellant only seeks relief under Proposition 47. As we have indicated, such relief is not available on his appeal.

### I

Although not addressed by the parties, we briefly take up the questions of whether appellant's case and conviction involve a felony or a misdemeanor. The answers to these questions in turn are dispositive with respect to our jurisdiction over his appeal and the availability, either here or in the trial court, of relief under Proposition 47.

#### A. Jurisdiction

Generally we have jurisdiction over appeals from felony cases; we have no appellate jurisdiction over appeals in misdemeanor cases. (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 36.) Here, as we have noted, appellant was initially charged with a felony violation of section Health and Safety Code section 11360, and later charged with violation of Health and Safety Code section 11357, subdivision (a). For purposes of our appellate jurisdiction, where, as here, a case was initiated as a felony, it is considered a felony "case" and we have jurisdiction over any direct appeal. (See Cal. Rules of Court, rule 8.304(a); *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1111.)

4

B. Availability of Relief Under Section 47

In its broadest terms, Proposition 47 reduced to misdemeanors enumerated drug and theft offenses, which had either been felonies or so-called wobblers, that is, offenses which may be treated as either a felony or a misdemeanor. As we have noted, at the time of appellant's offense and at the time he was placed on probation, violation of Health and Safety Code section 11375, subdivision (a) was a wobbler. Only if appellant was convicted of a felony does Proposition 47 provide him with any relief; if he was convicted of a misdemeanor, appellant has been provided all the relief available under Proposition 47.

"When a defendant is convicted . . . of a wobbler . . . his or her offense is '*deemed a felony*' unless subsequently 'reduced to a misdemeanor by the sentencing court' pursuant to [Penal Code] section 17, subdivision (b)."[1] (*People v. Feyrer* (2010) 48 Cal.4th 426, 438-439.)

---

[1] Penal Code section 17, subdivision (b), states: "(b) When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of [Health and Safety Code] [s]ection 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

"(1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of [Health and Safety Code] [s]ection 1170.

"(2) When the court, upon committing the defendant to the Division of Juvenile Justice, designates the offense to be a misdemeanor.

"(3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

"(4) When the prosecuting attorney files in a court having jurisdiction over misdemeanor offenses a complaint specifying that the offense is a misdemeanor, unless

Here, the trial court did not, under Penal Code section 17, subdivision (b), find that appellant's violation of Health and Safety Code section 11375, subdivision (b) was a misdemeanor. Indeed its remarks at the time of appellant's plea indicate quite clearly that it believed appellant was pleading to a felony. Accordingly, we must treat his conviction as a felony, for which relief under Proposition 47 is available.

## II

This brings us to the parties' principal dispute: whether we have power to provide appellant relief under Proposition 47 on appeal or whether he must seek such relief in the trial court. This question was discussed by the court recently in *People v. Shabazz* (2015) 237 Cal.App.4th 303 (*Shabazz*). Like the court in *Shabazz*, we conclude that on this record we do not have the power to provide Proposition 47 relief on appeal.

A. Proposition 47

On November 4, 2014, after appellant was sentenced, the voters approved Proposition 47. (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014).) The initiative: added Gov. Code Chapter 33 (§ 7599 et seq., the "Safe Neighborhoods and Schools Fund"); added §§ 459.5, 490.2 and 1170.18; amended §§ 473, 476a, 496 and 666; and amended Health and Safety Code sections 11350, 11357 and 11377. (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, §§ 4-14, pp. 70-74.) The stated

the defendant at the time of his or her arraignment or plea objects to the offense being made a misdemeanor, in which event the complaint shall be amended to charge the felony and the case shall proceed on the felony complaint.

"(5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

purpose and intent of the proposition was to: "(1) Ensure that people convicted of murder, rape, and child molestation will not benefit from this act. [¶] (2) Create the Safe Neighborhoods and Schools Fund . . . for crime prevention and support programs in K-12 schools . . . for trauma recovery services for crime victims, and . . . for mental health and substance abuse treatment programs to reduce recidivism of people in the justice system. [¶] (3) Require misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes. [¶] (4) Authorize consideration of resentencing for anyone who is currently serving a sentence for any of the offenses listed herein that are now misdemeanors. [¶] (5) Require a thorough review of criminal history and risk assessment of any individuals before resentencing to ensure that they do not pose a risk to public safety. [¶] (6) [And to] save significant state corrections dollars on an annual basis[ ] . . . [and] increase investments in programs that reduce crime and improve public safety, such as prevention programs in K-12 schools, victim services, and mental health and drug treatment, which will reduce future expenditures for corrections." (Ballot Pamp., *supra*, text of Prop. 47, § 3, p. 70.)

In particular Proposition 47 made certain drug and theft offenses misdemeanors instead of felonies or wobblers. (Ballot Pamp., *supra*, text of Prop. 47, §§ 5-13, pp. 71-73.) Except under circumstances we will discuss, possession of concentrated marijuana is now a misdemeanor. (Health & Saf. Code, § 11357, subd. (a).) As we noted at the outset, under Proposition 47 two circumstances may prevent application of its new lesser misdemeanor sentences: first, misdemeanor sentencing is not available if the defendant

7

has sustained a prior conviction for any of the violent or serious felonies listed in Penal Code section 667, subdivision (e)(2)(C)(iv); second, misdemeanor sentencing is foreclosed when a defendant has previously sustained a conviction for an offense requiring sex offender registration under Penal Code section 290, subdivision (c). (Ballot Pamp., *supra*, text of Prop. 47, §§ 9, 13, 14; § 1170.18, subd. (i).)

Where an accused is, or was, convicted of violating Health and Safety Code section 11357, subdivision (a), or any of the other offenses enumerated in Proposition 47 *after* its effective date, unless the accused has a disqualifying prior conviction, he or she may only be convicted of a misdemeanor. Where an accused was convicted *before* adoption of Proposition 47, the voters provided in Health and Safety Code section 1170.18, specific processes for retroactive application of the initiative's mitigating sentencing provisions: When a defendant is currently serving a felony sentence for one of the offenses enumerated in Proposition 47, the defendant may "petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance" with the lesser sentence provided by the initiative. (Health & Saf. Code, § 1170.18, subd. (a).)

On the other hand, if a defendant has completed his or her sentence for an eligible conviction, he or she must file an application in the trial court. (Health & Saf. Code, § 1170.18, subd. (a).) If the application satisfies the criteria for reduction, "the court shall designate the felony offense or offenses as a misdemeanor." (*Id*., subd. (g).) Unless the defendant requests otherwise, no hearing is necessary in order to rule upon the application filed under subdivision (f). (*Id*., subd. (h).)

B. *Shabazz*

In *Shabazz*, although the defendant's appeal from his felony theft and methamphetamine convictions was pending at the time Proposition 47 was adopted, he had completed his concurrent sentence on those convictions. He argued that on appeal the Court of Appeal was required to reduce his convictions to misdemeanors. In rejecting the defendant's argument, the court stated:

"The question arises, then, whether Proposition 47 applies retroactively so that we must reduce defendant's convictions from felonies to misdemeanors. Stated differently, the issue is whether the electorate intended the amendatory provisions of Proposition 47—reducing defendant's crimes from felonies to misdemeanors—to be automatically applied on appeal. As our Supreme Court held in [*In re*] *Estrada* (1965) 63 Cal.2d [740] at page 744, [(*Estrada*)] whether the amendatory initiative lessening punishment applies retroactively is a question of legislative, or, in our case, voter intent. And our Supreme Court reaffirmed in *In re Pedro T.* [(1994)] 8 Cal.4th [1041] at page 1045, 'The basis of our decision in *Estrada* was our quest for legislative intent.' Further, in *People v. Nasalga*, [(1996)] 12 Cal.4th [(784)] at page 792, our Supreme Court stated: 'To ascertain whether a statute should be applied retroactively, legislative intent is the "paramount" consideration[.]' If the Legislature has expressly stated its intent in a saving clause—for example, 'shall be applied prospectively'—that intent controls. [Citations.] Absent an express saving clause, we must look for any other indications of the electors' intent. As our Supreme Court noted in *Estrada, supra*, 63 Cal.2d at page 744: 'The problem, of course, is one of trying to ascertain the legislative intent—did the Legislature

9

intend the old or new statute to apply? Had the Legislature expressly stated which statute should apply, its determination, either way, would have been legal and constitutional. It has not done so. We must, therefore, attempt to determine the legislative intent from other factors.' [Citation.]

"To resolve this very specific retroactivity question, we apply the well-settled rules governing interpretation of voter intent: ' "In interpreting a voter initiative . . . , we apply the same principles that govern statutory construction. [Citation.] Thus, . . . 'we turn first to the language of the statute, giving the words their ordinary meaning.' [Citation.] . . . The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent]. [Citation.] . . . When the language is ambiguous, 'we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.' [Citation.]" [Citation.] [¶] In other words, our "task is simply to interpret and apply the initiative's language so as to effectuate the electorate's intent." [Citation.]' [Citations.]

"Proposition 47 does not contain an express saving clause. It does not refer to a person, like defendant, who has been convicted and sentenced but whose appeal is pending. But it does expressly, specifically and clearly address the application of the reduced punishment provisions to convicted felons who were sentenced or placed on probation prior to Proposition 47's effective date. And it does so without regard to the finality of the judgment. Defendant, of course, falls under [Health and Safety Code] section 1170.18, subdivision (f). Defendant has completed his sentence. And he potentially would have been guilty of misdemeanors had Proposition 47 been in effect at

the time he committed his offenses (assuming he does not have a disqualifying prior conviction.) The plain meaning of the language in [Health and Safety Code] section 1170.18 is this—the voters never intended that Proposition 47 would automatically apply to allow us to reduce defendant's two felonies to misdemeanors. Rather, the voters set forth specific procedures for securing the lesser punishment to eligible persons such as defendant. These are the sole remedies available under Proposition 47 for an accused sentenced prior to its effective date. For a convicted felon who has served his or her sentence, the electors specified an application must be filed pursuant to [Health and Safety Code] section 1170.18, subdivision (f). [Health and Safety Code] [s]ection 1170.18, subdivision (f), requires that an application be filed and resolved in the trial court. In other words, Proposition 47 does not apply retroactively so as to permit us to modify the judgment and then direct that, upon remittitur issuance, defendants' convictions be designated misdemeanors. Defendant is limited to the statutory remedy set forth in [Health and Safety Code] section 1170.18, subdivision (f). He must file an application in the trial court to have his felony convictions designated misdemeanors."

C. Analysis

We agree with the court in *Shabazz.* In light of the fact that provisions of Proposition 47 set forth specific trial court procedures available to defendants seeking the reduction of sentences imposed before the initiative was approved, it is clear voters did not intend that we order such reduction on appeal. In this regard we note that the reduction in sentencing provided by Proposition 47 is not unconditional, and that the trial court is in a much better position to resolve any disputes with respect to whether a

11

particular defendant is entitled to a sentence reduction. The relief provided by Proposition 47 is clearly distinguishable from the *unconditional* sentence reduction considered in *Estrada*.

Although it appears from the record here that appellant does not have any prior conviction that would disqualify him from relief under Proposition 47, he must seek relief from his felony conviction in the trial court.[2]

DISPOSITION

The judgment of conviction is affirmed.

BENKE, Acting P. J.

I CONCUR:

HUFFMAN, J.

I CONCUR IN THE RESULT:

HALLER, J.

---

[2]    Our judgment is of course without prejudice to relief available to appellant in the trial court under Health and Safety Code section 1170.18.