[Civ. No. 90.   Third Appellate District.—December 1, 1905.]

## MARY A. MARSTON, Appellant, v. LOUIS KUHLAND, Respondent.

ACTION IN EQUITY TO ENFORCE TRUST — JURISDICTION OF APPEAL— TRANSFER TO SUPREME COURT.—An action in equity to enforce a trust and for an accounting belongs in the first instance to the appellate jurisdiction of the supreme court under section 4 of article VI of the constitution of the state; and where such appeal is improperly taken to this court, it will be transferred to the supreme court by authority of the same section and article of the constitution.

APPEAL from a judgment of the Superior Court of Solano County. L. G. Harrier, Judge.

The facts are stated in the opinion of the court.

Charles J. Hasman, and Alexander Church, for Appellant.

Frank R. Devlin, for Respondent.

CHIPMAN, P. J.—This is an action for the enforcement of a trust and for an accounting. The appeal is taken directly to this court. By section 4, article VI, of the constitution of the state, "appellate jurisdiction on appeal from the superior courts in all cases in equity, except such as arise in justice's courts," is given to the supreme court. By the same section

and article of the constitution it is provided that "no appeal taken to the supreme or to a district court of appeal shall be dismissed for the reason only that the same was not taken to the proper court, but the cause shall be transferred to the proper court upon such terms as to costs or otherwise as may be just, and shall be proceeded with therein as if regularly appealed to." In perfecting the appeal, these provisions of the constitution were doubtless overlooked by appellant. When the cause was argued and submitted here it was assumed by the court that it was here by order of reference of the supreme court, the notice of appeal not having been called to our attention. The case is clearly one "in equity" and is appealable only to the supreme court, which alone has jurisdiction in the first instance.

The order of submission heretofore given and made is vacated and the cause transferred to the supreme court; the costs to attend its final determination.

McLaughlin, J., and Buckles, J., concurred.