[No. C045602. Third Dist. Apr. 4, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
DALE JAMES NICKERSON, Defendant and Appellant.

34

COUNSEL

Scott Concklin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, J. Robert Jibson, Charles Fennessey and Peter H. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**ROBIE, J.**—Trial court unification and the resulting elimination of the municipal court was authorized by constitutional amendment in 1998.[1] As with all major overhauls of the law, this one created at least one problem. Here, we unravel that issue.

---

[1] California Constitution article VI, former section 5, subdivision (e), repealed by Senate Constitutional Amendment No. 15, Statutes 2002 (2001–2002 Reg. Sess.) resolution chapter 88. Former section 5, subdivision (e) authorized the trial courts to vote to unify their courts. The repeal of section 5, subdivision (e) in 2002 recognized that all California counties had unified their courts, and as a result the repeal, deleted obsolete references to municipal courts from the California Constitution and made conforming and related changes. (Stats. 2002, res. ch. 88.)

■ The original complaint in this case included a felony and two misdemeanors. After the preliminary examination, the trial court, acting as magistrate, held defendant to answer only on the two misdemeanors. After the jury convicted defendant of one of the misdemeanors, defendant filed a notice of appeal in the superior court. Because the clerk of the Shasta County Superior Court erroneously directed the appeal to this court,[2] we transfer this case to the appellate division of the superior court pursuant to Government Code section 68915.

## DISCUSSION

### A

### *This Is a Misdemeanor Case*

■ A Court of Appeal has appellate jurisdiction over appealable orders from "felony case[s]." (Pen. Code,[3] § 1235, subd. (a); see Cal. Const., art. VI, § 11.) The appellate divisions of the superior courts, by contrast, have appellate jurisdiction over appealable orders from "misdemeanor case[s]." (§ 1466; see Cal. Const., art. VI, § 11.)

Section 691 provides the necessary definitions. " 'Felony case' means a criminal action in which a felony *is charged* and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony." (§ 691, subd. (f), italics added.) A " '[m]isdemeanor or infraction case' means a criminal action in which a misdemeanor or infraction *is charged* and does not include a criminal action in which a felony is charged in conjunction with a misdemeanor or infraction." (§ 691, subd. (g), italics added.)

Moreover, "[w]hen a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: [¶] . . . [¶] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the

---

[2] This may be explained by the fact that prior to unification, notices from trials of misdemeanors were filed in the separate municipal court. Since court unification, however, notices of appeal from all cases are filed in the unified superior court.

[3] All further statutory references are to the Penal Code unless otherwise indicated.

offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint." (§ 17, subd. (b).)

The question is thus: when is a felony "charged" for purposes of ascertaining appellate jurisdiction? On this subject, the Advisory Committee comment to California Rules of Court, rule 30, states: "Thus the question whether to file a notice of appeal under this rule or under the rules governing appeals to the appellate division of the superior court (rule 100 et seq.) is answered simply by examining the accusatory pleading: if that document charged the defendant with at least one count of felony (as defined in Pen. Code, § 17(a)), the Court of Appeal has appellate jurisdiction and the appeal must be taken under this rule even if the prosecution did not result in a punishment of imprisonment in a state prison." (Italics omitted.) However, that analysis is complicated by section 949, which provides that the first pleading by the People in a misdemeanor case is the complaint, while the People's first pleading in a felony case is the indictment or information. (§ 949.)

In *Serna v. Superior Court* (1985) 40 Cal.3d 239, 257 [219 Cal.Rptr. 420, 707 P.2d 793], our Supreme Court explained: "A felony complaint, unlike a misdemeanor complaint, does not confer trial jurisdiction. It invokes only the authority of a magistrate, not that of a trial court. (§ 806.) . . . The felony complaint functions to bring the defendant before a magistrate for an examination into whether probable cause exists *to formally charge him with a felony.* Only if probable cause exists may an information invoking the trial jurisdiction of the superior court be filed . . . . The misdemeanor complaint, by contrast, is not a preliminary accusation. It is a formal charge, an accusatory pleading giving the court jurisdiction to proceed to trial." (Italics added.) It bears noting that *Serna* was decided before the 1998 unification of the municipal and superior courts under the constitutional amendment authorizing unification.

The definitions in subdivisions (f) and (g) of section 691 were drafted explicitly to accommodate trial court unification. (Recommendation: Trial Court Unification: Revision of Codes (July 1998) 28 Cal. Law Revision Com. Rep. (1998) pp. 66–67 (hereafter Law Revision Commission Report).) Moreover, their purpose was to preserve the status quo concerning the handling of felony and misdemeanor cases. "The revision of this and other statutes to accommodate

unification of the municipal and superior courts in a county is intended generally to preserve existing procedures for criminal cases by replacing references to superior court criminal cases with references to felony cases, and by replacing references to municipal court criminal cases with references to misdemeanor and felony cases." (*Id.* at p. 406.) The Law Revision Commission explained, "The statutory grant of jurisdiction [to the Courts of Appeal under the unification law] is also consistent with the intent of [Senate Constitutional Amendment No. 4]:[4] to preserve the appellate jurisdiction of the court of appeal in cases historically within the original jurisdiction of the superior court." (Law Revision Com. Rep., *supra*, at p. 73.) Article VI, section 11 of the California Constitution provides: "courts of appeal have appellate jurisdiction when superior courts have original jurisdiction in causes of a type within the appellate jurisdiction of the courts of appeal on June 30, 1995, and in other causes prescribed by statute." Further, "[t]he proposed law would make clear that the appellate jurisdiction of the appellate division covers limited civil cases and misdemeanor and infraction cases—causes traditionally within the original jurisdiction of municipal courts—regardless of whether the courts in a county have unified." (Law Revision Com. Rep., *supra*, at p. 74.) Thus, the law clarified that trial court unification—and the resulting elimination of the municipal court—did not change the court to which cases were to be appealed. In *Serna v. Superior Court*, *supra*, 40 Cal.3d 239, when the Supreme Court referred to a defendant being "formally charge[d]" with a felony, the court was referring to charging by the filing of an information in the then existing superior court.[5]

■ Based on the analysis in *Serna*, a defendant is not "charged with a felony" within the meaning of section 691 until an information or indictment is filed or a complaint is certified to the superior court pursuant to section 859a. (See § 949.) When the matter goes before the magistrate for a preliminary examination and the court as magistrate reduces all of the felony charges from felonies to misdemeanors under section 17, subdivision (b)(5), the defendant is never charged with a felony. The resulting case is thus a misdemeanor case and appellate jurisdiction belongs in the appellate division of the superior court.

That is precisely what happened here. In the complaint, the People alleged defendant committed felony child endangerment (a wobbler alleged as a felony) (§ 273a, subd. (a)), misdemeanor reckless and negligent boating, and

---

[4] Senate Constitutional Amendment No. 4 was the legislative vehicle by which article VI of the California Constitution was put before the people. (Law Revision Com. Rep., *supra*, at p. 59.)

[5] Prior to unification, when a magistrate did not hold the defendant to answer for a felony, the case proceeded to trial in the municipal court and no information was filed. (§§ 17, subd. (b)(5), 949 & former § 1462.2, as amended by Stats. 1979, ch. 735, § 3, p. 2573.)

misdemeanor hit and run with a boat. At the conclusion of the preliminary examination, the judge, as magistrate, reduced the felony charge to a misdemeanor, dismissed one of the misdemeanors, and the case proceeded to trial on two misdemeanor charges. The appeal from the resulting conviction in the misdemeanor case should have been directed by the clerk to the Appellate Division of the Shasta County Superior Court.

B

*This Case Should Be Transferred to the Appellate Division
of the Superior Court*

The People argued in their brief[6] that this appeal should be dismissed due to this procedural flaw because this court lacks jurisdiction to order the case transferred back to the superior court appellate division.

Various statutes and rules of court address the transfer of cases between courts. (See, e.g., § 1471; Code Civ. Proc., §§ 396, 911; Cal. Rules of Court, rules 47.1, 62.) There is a lack of any authority that directly addresses the circumstances presented here. For example, the Constitution and Rules of Court explicitly provide that the Supreme Court may transfer cases to itself from a Court of Appeal, from itself to a Court of Appeal, between the Courts of Appeal, or between divisions of a Court of Appeal. (Cal. Const., art. VI, § 12; Cal. Rules of Court, rule 47.1(a).) Further, the Penal Code and the Rules of Court also provide that a Court of Appeal may transfer a case among different divisions of itself and from the appellate division of the superior court to itself. (§ 1471; Cal. Rules of Court, rules 62.) There is even case authority that authorizes a Court of Appeal to transfer a case in excess of its jurisdiction to the Supreme Court. (*Marston v. Kuhland* (1905) 2 Cal.App. 316, 317 [84 P. 357].) None of these authorities directly address this court's power to transfer a case to the appellate division of the superior court.

However, Government Code section 68915 provides, "[n]o appeal taken to the Supreme Court or to a court of appeal shall be dismissed for the reason only that the same was not taken to the proper court, but the cause shall be transferred to the proper court upon such terms as to costs or otherwise as may be just, and shall be proceeded with therein, as if regularly appealed thereto."

---

[6] At oral argument, the People changed their position and conceded that the matter should not be dismissed. Rather, the People argued equity and fairness required the matter to be transferred to the appellate department of the superior court for resolution.

■ While this section does not specifically state a Court of Appeal may transfer an appeal to the appellate division of the superior court, we conclude our inherent authority coupled with this statutory directive empowers us to order transfer. ■ As our Supreme Court remarked in *Walker v. Superior Court* (1991) 53 Cal.3d 257 [279 Cal.Rptr. 576, 807 P.2d 418], "We have often recognized the 'inherent powers of the court . . . to insure the orderly administration of justice.' [Citations.] Although some of these powers are set out by statute ([Code Civ. Proc.,] § 128, subd. (a)), it is established that the inherent powers of the courts are derived from the Constitution (art. VI, § 1 [reserving judicial power to courts]; [citations.])." (*Id.* at pp. 266–267.) Further, "courts have inherent authority to control their own calendars and dockets, and to inquire into their own jurisdiction [citation]." (*Id.* at p. 267.)

Here, defendant properly filed a timely notice of appeal in the Shasta County Superior Court. (Cal. Rules of Court, rules 30(a), 182.) He did not specify the court to which the appeal should be directed, nor was he required to do so. (Cal. Rules of Court, rules 30(a)(4), 182(a).)[7] When the appeal was misdirected to this court, defendant filed a motion to clarify our appellate jurisdiction, and we responded by requesting that defendant brief this issue in the substantive briefs filed in the case. Because jurisdiction over this case belongs with the superior court appellate division, this fully briefed case should be transferred to the superior court appellate division for that court's determination of the appeal. A dismissal on these facts would unjustly deprive an appellant (who properly filed a notice of appeal and promptly directed the court to the jurisdictional issue) of his appeal rights. This is a result we cannot countenance, especially in light of the fact that this snafu was created by the superior court's actions, independent from those of the defendant here.

Finally, we decline defendant's request that we exercise our discretion under section 1471 to transfer this case to our court for decision. Defendant has pointed to no important question of law or any issue that requires uniformity of decision that would render transfer necessary under section 1471. Further, he has not otherwise followed the procedures set forth in rules 61 through 69 of the California Rules of Court.

---

[7] There is no properly designated court in which to file an appeal in.a misdemeanor case. Although the Judicial Council has revised the California Rules of Court as recently as January 2005, it has not revised the sections which concern appeals from the former municipal and justice courts in criminal cases, notwithstanding the fact that there are no longer any municipal or justice courts. We understand the process is underway to revise the rules applicable to the superior court appellate divisions.

## DISPOSITION

This case is hereby transferred to the Appellate Division of the Shasta County Superior Court. (Gov. Code, § 68915.)

Blease, Acting P. J., and Nicholson, J., concurred.

On April 21, 2005, the opinion was modified to read as printed above.