Filed 6/27/13  P. v. Townsend CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C071450 |
| Plaintiff and Respondent, | (Super. Ct. No. CR120322) |
| v. | |
| TOBIAH ANDREW TOWNSEND, | |
| Defendant and Appellant. | |

Convicted of two misdemeanor offenses after jury trial, defendant appeals.  He contends that insufficient evidence supports his conviction for concealing evidence. The People disagree, and also argue that defendant's appeal should be transferred to the appellate division of the Superior Court, a transfer which defendant opposes.  As we will explain, we agree with defendant on both points.  We decline to transfer the case, and shall modify the judgment to reflect defendant's conviction for *attempted* concealing evidence.  We affirm the judgment as modified.

1

# FACTUAL AND PROCEDURAL BACKGROUND

*Evidence at Trial*

Davis Police Officer Peter Faeth was in uniform and on (marked) bicycle patrol at around 2:35 p.m. on January 26, 2012, when he saw defendant run a stop sign on a bicycle. Faeth identified himself and ordered defendant to stop. Defendant stopped and lifted his bicycle to the sidewalk while remaining astride the bike.

Faeth asked defendant for identification; defendant had none. As Faeth dismounted his bicycle, defendant rode away quickly, accelerating to 15 to 20 miles per hour. Faeth pursued defendant and ordered him to stop. Defendant continued to flee, running a red light in heavy traffic and leaving the bicycle path.

Faeth radioed a request for assistance to nearby motorcycle officer Jesse Dacanay. Dacanay activated his light and siren and ordered defendant to stop; defendant continued riding without slowing down. Defendant rode from the street to the sidewalk, and then to the bicycle path, where he reached down into his sock, removed an eyeglass case, and threw it about 30 feet over a fence into a grassy area. The case landed into a drainage area separated from the bike path by a six-foot chain link fence

The pursuit continued until Dacanay drove his motorcycle in front of defendant and forced him to stop. Dacanay detained and handcuffed defendant, who had traveled about a mile and a half from the initial point of contact by Faeth. When Faeth arrived, Dacanay walked back about 50 yards, climbed the fence, and found the eyeglass case, which contained a hypodermic needle with methamphetamine in it

*Charges, Verdict, and Sentence*

The People charged defendant Tobiah Andrew Townsend by complaint filed on January 30, 2012 with two felonies--transportation of methamphetamine with a prior drug conviction (Health & Saf. Code, §§ 11379, subd. (a), 11370.2, subd. (c)) and possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a))--and two misdemeanors--

resisting an officer (Pen. Code,[1] § 148, subd. (a)(1)), and destroying or concealing evidence (§ 135). On February 14, 2012, the trial court held defendant to answer on all four charges. One week later, the People filed an information bearing the same case number and containing the same charges; they subsequently moved to dismiss the two felony charges for insufficient evidence. On the eve of trial, the People successfully moved to add a misdemeanor possession of drug paraphernalia charge (Health & Saf. Code, § 11364.1, subd. (a)). They accomplished this addition by filing what purported to be a "first amended complaint," bearing the same case number as the information. They moved to dismiss that charge after the completion of their case in chief.

The jury found defendant guilty of the only two remaining charges, both misdemeanors--resisting an officer and concealing evidence. Finding defendant violated his probation in two unrelated cases based on the evidence presented at trial, the trial court sentenced defendant to 30 days in county jail for resisting an officer and a consecutive 10 days for concealing evidence, to be served concurrently with the felony sentences imposed for the unrelated cases.

## DISCUSSION

### I

### *Jurisdiction*

The People contend defendant's appeal should be transferred to the appellate division of the Superior Court because the final charging document, the "first amended complaint," contained only misdemeanor charges. Defendant disagrees, and argues in essence that the People could not convert their felony case to a misdemeanor case by

---

[1] Further undesignated statutory references are to the Penal Code.

3

merely filing a "first amended complaint" after the original felony complaint had been superseded by felony information.

This court has jurisdiction over appealable orders from "felony case[s]." (§ 1235, subd. (b); see Cal. Const., art. VI, § 11.) The People argue the first amended complaint, which charged only misdemeanor counts, controls our characterization of defendant's case as felony or misdemeanor. We disagree.

First and foremost, it is clear that defendant's conviction on misdemeanor charges only is not a factor in our analysis. Because defendant was initially *charged* with felonies, we have jurisdiction over his appeal even though he was ultimately *convicted* only of misdemeanors. (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 36 (*Nickerson*); § 691, subds. (f), (g).)

" '[F]elony case' means any criminal action in which a felony is charged, *regardless of the outcome*. A felony is 'charged' when an information or indictment accusing the defendant of a felony is filed or a complaint accusing the defendant of a felony is certified to the superior court under Penal Code section 859a. A felony case includes an action in which the defendant is charged with: [¶] (A) A felony and a misdemeanor or infraction, but is convicted of only the misdemeanor or infraction[.]" (Cal. Rules of Court, rule 8.304 (a)(2), emphasis added; see also § 691, subd. (f) ["'Felony case' means a criminal action in which a felony is charged and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony"]; *Nickerson, supra*, 128 Cal.App.4th at p. 38 ["[A] defendant is not "charged with a felony" within the meaning of section 691 until an information or indictment is filed or a complaint is certified to the superior court pursuant to section 859a"].)

As the above authorities make clear, when, as here, a felony information is filed, we have jurisdiction over any appeal arising from that case. Because defendant was charged with two felonies in the original information, his case was and remains a felony case and we have jurisdiction over the appeal. The filing of the information, under the

4

same case number, effectively superseded the complaint.  Here, we interpret the "first amended complaint" as a miscaptioned first amended information, given the specific and somewhat convoluted procedural history of this case.

II

*Sufficiency of the Evidence*

Defendant contends there is insufficient evidence to support his conviction for concealing evidence.  We agree.

" 'To determine sufficiency of the evidence, we must inquire whether a rational trier of fact could find defendant guilty beyond a reasonable doubt.  In this process we must view the evidence in the light most favorable to the judgment and presume in favor of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence.  To be sufficient, evidence of each of the essential elements of the crime must be substantial and we must resolve the question of sufficiency in light of the record as a whole.' [Citation.]" (*People v. Carpenter* (1997) 15 Cal.4th 312, 387.)

Section 135 provides:  "Every person who, knowing that any book, paper, record, instrument in writing, or other matter or thing, is about to be produced in evidence upon any trial, inquiry, or investigation whatever authorized by law, willfully destroys or conceals the same, with intent thereby to prevent it from being produced, is guilty of a misdemeanor."

The lead case defining the crime of concealing or destroying evidence is *People v. Hill* (1997) 58 Cal.App.4th 1078 (*Hill*).  Although both parties argue *Hill* compels the result they seek, defendant has the better argument.  Hill and his codefendants purchased items from several stores using counterfeit traveler's checks.  (*Hill, supra*, 58 Cal.App.4th at pp. 1081-1082.)  Pursued by the police after driving away from a mall, one of the defendants threw a wad of paper from the car.  (*Hill, supra,* at p. 1082.)  Police recovered the wad, which turned out to be torn pieces of traveler's checks.  (*Ibid.*)  Hill

5

was convicted of five counts of forging checks and one count of destroying or concealing evidence.  (*Id.* at p. 1080.)

In determining whether substantial evidence supported the destroying or concealing evidence conviction, the *Hill* court found that the purpose of section 135 was "to prevent the obstruction of justice. [Citation.]"  (*Hill, supra*, 58 Cal.App.4th at p. 1089.)  The appellate court first looked to the plain meaning of the term "destroy":  "to ruin something completely and thereby render it beyond restoration or use.  [Citation.]"  (*Ibid.*)  For the purposes of proving a violation of section 135, "if one destroys evidence, it necessarily becomes unavailable and cannot be produced. Conversely, if, despite one's efforts, the evidence is or can be restored and used, then, by definition, it has not been destroyed; rather, such efforts constitute an attempt:  a direct, but ineffectual, act toward the commission of a crime.  [Citation.]"  (*Ibid.*)  Since the traveler's checks were not destroyed, the defendant in *Hill* could not be convicted under this theory.  (*Id.* at p. 1090.)

The *Hill* court next addressed whether the defendant's conviction could be sustained under a concealing evidence theory.  (*Hill, supra*, 58 Cal.App.4th at p. 1090.)  The court reasoned that since "[t]he word 'conceal' simply means to hide or cover something from view," section 135 does not require "that a defendant must render evidence permanently unseen, or as defendant submits, unavailable.  Rather successful concealment of evidence from a particular investigation is sufficient."  (*Ibid*.)  Therefore, in addition to permanently concealing evidence, "any act of concealment that interferes with, impedes, frustrates, or unnecessarily prolongs a lawful search" constitutes obstruction of justice.  (*Ibid*.)

But "a thief does not interfere with, impede, frustrate, or prolong a lawful investigation, for example, where a thief is interrupted while concealing evidence or where the police watch him conceal it, he has not successfully hidden the evidence or appreciably affected an investigation and thereby obstructed justice.  He has merely tried

to do so. Thus, his conduct constitutes an attempt to violate the statute by concealment." (*Hill, supra*, 58 Cal.App.4th at p. 1090.) The appellate court reasoned that by throwing the checks from his car in full view of the police, Hill "did not succeed in hiding or covering this evidence; nor did he appreciably affect the investigation of suspected counterfeiting. An officer simply walked over to the discarded evidence and collected it." (*Hill, supra,* at p. 1091.) This constituted no more than an attempt to conceal evidence. (*Ibid*.)

Here, as in *Hill*, defendant attempted to discard potential evidence of a crime in full view of the pursuing officer. The officer saw where defendant threw it, and was able to retrieve it with minimal effort. Since the evidence was never *successfully* hidden from the police, even for a moment, we conclude there is insufficient evidence to support defendant's conviction for concealing evidence.

Section 1260 authorizes "appellate courts to modify a judgment to reflect a conviction of a lesser, necessarily included offense when the state of the evidence warrants it." (*People v. Matian* (1995) 35 Cal.App.4th 480, 488; 6 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Criminal Appeal, § 194, pp. 478-480 [citing cases].) Attempted concealing evidence is a lesser included offense of concealing evidence. (*Hill, supra*, 58 Cal.App.4th at p. 1091, fn. 10.)

"An attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (§ 21a.) As we noted *ante*, the crime of concealing evidence requires intent to prevent the item in question from being produced. Defendant does not dispute the jury's finding of this element of the offense, which is supported by overwhelming evidence. Since the act of throwing the evidence over a fence in full view of the police was a "direct but ineffectual act" toward committing the crime of concealing evidence, the evidence shows defendant

committed the lesser offense of attempted concealing evidence.  We shall modify the judgment accordingly.[2]

## DISPOSITION

The judgment is modified to strike defendant's conviction for concealing evidence and instead reflect his conviction for attempted concealing evidence.  As modified, the judgment is affirmed.


           DUARTE           , J.


We concur:


         HULL          , Acting P. J.


         ROBIE         , J.

---

[2]  In the interest of judicial economy, and since the outcome appears compelled by law, we address this issue and take this action without having requested supplemental briefing, subject to any party's right to petition for rehearing.  (Gov. Code, § 68081.)