Filed 6/27/13  P. v. Sandoval CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANTONIO RAMON SANDOVAL,<br><br>        Defendant and Appellant. | A136911<br><br>(San Francisco County<br>Super. Ct. No. 205803) |

Defendant Antonio Ramon Sandoval timely appealed from an order extending his probation after he was found to have violated its terms.  His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We find no arguable issues and affirm.

Sandoval was charged by information in July 2008 with two felony firearms counts and two felony drug counts in connection with a traffic stop in San Francisco.  The drug counts were dismissed on the District Attorney's motion because of an inability to sustain the burden of proof, one of the firearms counts (carrying a loaded firearm, former Pen. Code, § 12031, subd. (a)(1))[1] was reduced to a misdemeanor, and the second firearms count was dismissed after Sandoval pleaded no contest to the misdemeanor.  The trial court suspended imposition of sentence and placed Sandoval on three years' probation under various terms and conditions, including that he obey all laws.

_____

[1] All statutory references are to the Penal Code.

1

The People filed a motion to revoke probation in August 2012 after Sandoval was charged in a misdemeanor complaint with violating the terms of a domestic relations restraining order (§ 273.6). The prosecution's motion to revoke in this case was based entirely on the allegations in the separate misdemeanor restraining-order case.

A trial was held over several days in September and October 2012 on Sandoval's violation of the restraining order, and a jury convicted him as charged. According to his appellate counsel, Sandoval has appealed his misdemeanor conviction to the appellate division of the trial court (§ 1466 [misdemeanor appeals]).

Sandoval presented no additional evidence on the motion to revoke probation in this case. The trial court found by a preponderance of the evidence that Sandoval had willfully and intentionally violated the terms of probation. The court declined to revoke Sandoval's probation, and instead extended it under the same terms and conditions until October 9, 2015, to coincide with probation imposed for his misdemeanor conviction for violating a restraining order.

Although Sandoval's appeal is from a probation order arising out of a misdemeanor conviction, we have jurisdiction because the case originally was charged by information as a felony. (§§ 691, subd. (f) [felony case is one where felony is *charged*], 1235, subd. (b) [appeal in felony case is to court of appeal]; *People v. Nickerson* (2005) 128 Cal.App.4th 33, 36, 38.) We lack jurisdiction, however, to consider issues related to the trial on Sandoval's violation of the restraining order, and we thus may consider only issues related to the probation order related to Sandoval's firearms conviction. (*People v. Shoup* (2001) 89 Cal.App.4th 420, 421-422 [striking briefs related to trial of misdemeanor case because court had jurisdiction only to consider felony probation revocation based on misdemeanor conviction].)

No error appears in the trial court's ruling that Sandoval violated the terms of his probation, or in its decision to extend the length of the probation originally ordered. There are no meritorious issues to be argued on appeal.

2

The trial court's order extending probation is affirmed.

_____
Humes, J.

We concur:

_____
Ruvolo, P.J.

_____
Reardon, J.