Filed 3/22/16  P. v. Vu CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041635 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1489948) |
| v. | |
| DIEP VAN VU, | |
| Defendant and Appellant. | |

Defendant Diep Van Vu appeals from a judgment of conviction entered after he pleaded no contest to misdemeanor possession of cocaine base (Health & Saf. Code, § 11350, subd. (a)).  Since this court lacks jurisdiction over the present appeal, the case is transferred to the appellate division of the Santa Clara County Superior Court.

## I.  Statement of the Case

On July 24, 2014, a felony complaint was filed and charged defendant with felony possession of cocaine base (Health & Saf. Code, § 11350, subd. (a)).  The complaint also alleged one prior strike conviction (Pen. Code, §§ 667, subds. (b)-(i), 1170.12)[1] and four prior prison terms (§ 667.5, subd. (b)).  No preliminary hearing was held.

---

[1]     All further statutory references are to the Penal Code unless otherwise stated.

At the plea hearing on November 6, 2014, the trial court and the parties agreed that possession of cocaine base was now a misdemeanor pursuant to Proposition 47, the Safe Neighborhoods and School Act (Proposition 47). Defendant pleaded no contest to misdemeanor possession of cocaine base and the remaining allegations were dismissed. No information or indictment was ever filed and the case was not certified to superior court pursuant to section 859a. Defendant waived time for sentencing. The trial court denied probation and sentenced defendant to 180 days in county jail to run concurrent to a county jail term which was imposed in an unrelated case.

## II. Discussion

The Attorney General contends that this court does not have jurisdiction over defendant's case. We agree.

The Court of Appeal has jurisdiction over any "judgment or appealable order in a felony case . . . ." (§ 1235.) A "felony case" is "a criminal action in which a felony is charged and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony." (§ 691, subd. (f).) "A felony is 'charged' when an information or indictment accusing the defendant of a felony is filed or a complaint accusing the defendant of a felony is certified to the superior court under Penal Code section 859a." (Cal. Rules of Court, rule 8.304, subd. (a)(2).)

*People v. Nickerson* (2005) 128 Cal.App.4th 33 is instructive. In *Nickerson*, the defendant was charged with a felony and two misdemeanors. (*Id.* at p. 36.) Following a preliminary hearing, the trial court, acting as a magistrate, held him to answer only on the two misdemeanors. (*Ibid.*) A jury later convicted him of one of the misdemeanors. (*Ibid.*) The issue on appeal was: "when is a felony 'charged' for purposes of ascertaining appellate jurisdiction?" (*Id.* at p. 37.) *Nickerson* concluded: "When the matter goes before the magistrate for a preliminary examination and the court as magistrate reduces all of the felony charges from felonies to misdemeanors under

2

section 17, subdivision (b)(5), the defendant is never charged with a felony. The resulting case is thus a misdemeanor case and appellate jurisdiction belongs in the appellate division of the superior court." (*Id.* at p. 38.)

The present case involves analogous circumstances. Here, the complaint charged defendant with a felony violation of possession of cocaine base. Unlike in *Nickerson*, no preliminary hearing was held. However, the charge was reduced to a misdemeanor prior to the entry of defendant's plea. As in *Nickerson*, since the felony charge was reduced to a misdemeanor, defendant was not charged with a felony. Moreover, no information or indictment accusing defendant of a felony was ever filed and no complaint charging defendant with a felony was ever certified to the superior court pursuant to section 859a. Thus, this court does not have jurisdiction to consider defendant's appeal.

Relying on section 859a, subdivision (a),[2] defendant argues that the trial court was required to certify the case to the superior court after defendant pleaded to the misdemeanor charge and we must presume from a silent record that the court lawfully performed its duties. Even assuming that section 859a requires certification of a case in which a defendant pleaded no contest to only misdemeanor charges, there is nothing in the reporter's or clerk's transcripts indicating that the trial court even considered certifying the complaint pursuant to section 859a. Thus, we cannot presume from this record that the trial court certified this case.

---

[2]     Section 859a, subdivision (a) states in relevant part: "While the charge remains pending before the magistrate and when the defendant's counsel is present, the defendant may plead guilty to the offense charged, or, with the consent of the magistrate and the district attorney or other counsel for the people, plead nolo contendere to the offense charged . . . . The magistrate may then fix a reasonable bail as provided by this code, and upon failure to deposit the bail or surety, shall immediately commit the defendant to the sheriff. *Upon accepting the plea of guilty or nolo contendere the magistrate shall certify the case, including a copy of all proceedings therein and any testimony that in his or her discretion he or she may require to be taken, to the court in which judgment is to be pronounced at the time specified under subdivision (b), and thereupon the proceedings shall be had as if the defendant had pleaded guilty in that court.*" (Italics added.)

Though we do not have jurisdiction over this appeal, we need not dismiss it. Pursuant to Government Code section 68915,[3] this court has the authority to transfer this case to the appellate division of the superior court. (*Nickerson*, *supra*, 128 Cal.App.4th at pp. 39-41.)

### III.    Disposition

This appeal is transferred to the appellate division of the Santa Clara County Superior Court.

---

[3]    Government Code section 68915 provides: "No appeal taken to the Supreme Court or to a court of appeal shall be dismissed for the reason only that the same was not taken to the proper court, but the cause shall be transferred to the proper court upon such terms as to costs or otherwise as may be just, and shall be proceeded with therein, as if regularly appealed thereto."

_____
Mihara, J.


WE CONCUR:




_____
Elia, Acting P. J.






_____
Bamattre-Manoukian, J.






*People v. Vu*
H041635

5