Filed 4/29/21  P. v. Saiz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C091818 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19CF01357, 19CM04747) |
| v. | |
| MIGUEL ENRIQUE SAIZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Miguel Enrique Saiz asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review has determined we lack appellate jurisdiction over defendant's appeal, and we will transfer it to the appellate division of the superior court.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

BACKGROUND

This appeal concerns two separate cases. In the first, case No. 19CF01357, deputies searched defendant outside a convenience store and found a large amount of marijuana in a duffle bag and a shotgun shell in his pocket. The prosecution filed a complaint alleging one count of possession of ammunition (Pen. Code, § 30305, subd. (a)(1); undesignated statutory references are to the Penal Code) and one count of possession of more than 28.5 grams of marijuana (Health & Saf. Code, § 11357, subd. (b)(2)). Defendant then failed to appear for a hearing, resulting in case No. 19CM04747, in which the prosecution filed a complaint alleging one misdemeanor count of failing to appear. (§ 1320, subd. (a).) The prosecution also specially alleged defendant was released from custody on bail or his own recognizance at the time of the offense. (§ 12022.1.)

In case No. 19CF01357, the prosecution amended the complaint to reduce the possession of ammunition count to a misdemeanor and defendant pleaded no contest to both counts. In case No. 19CM04747, defendant pleaded no contest to the failure to appear count, and the special allegation was dismissed.

At the sentencing hearing, the trial court sentenced defendant to a one-year term in case No. 19CF01357 and a six-month term in case No. 19CM04747. Both terms were to run concurrently with a three year sentence the court imposed in a separate felony case. For each case, the court imposed a $150 restitution fine (§ 1202.4), and for each count, the court imposed a $40 court operations assessment (§ 1465.8) and a $30 conviction assessment (Gov. Code, § 70373). The court waived the presentencing investigation report fee and public defender fees based on defendant's ability to pay.

The trial court granted defendant a certificate of probable cause and defendant filed a notice of appeal.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

This court has no jurisdiction in case No. 19CF01357 because "a defendant is not 'charged with a felony' . . . until an information or indictment is filed or a complaint is certified to the superior court pursuant to section 859a." (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 38.) Although the complaint alleged one count of felony possession of ammunition, there was no preliminary hearing and defendant entered his plea to one misdemeanor count of possession of ammunition and one count of possession of more than 28.5 grams of marijuana, a misdemeanor. The fact that defendant was sentenced to state prison in a separate felony case on the same date he was sentenced in case No. 19CF01357 does not matter. (*People v. Shoup* (2001) 89 Cal.App.4th 420, 421.) We will transfer case No. 19CF01357 to the superior court appellate division. (Gov. Code, § 68915.)

The same must be done for case No. 19CM04747, which was filed as a misdemeanor case and always was a misdemeanor case. We will transfer case No. 19CM04747 to the superior court appellate division, as well. (*People v. Nickerson, supra*, 128 Cal.App.4th at pp. 36-40; *People v. Shoup, supra*, 89 Cal.App.4th at p. 421.)

3

DISPOSITION

The appeal for case Nos. 19CF01357 and 19CM04747 is transferred to the appellate division of the superior court.

 

 

_____

HULL, Acting P. J.

We concur:

_____

MAURO, J.

_____

RENNER, J.

4