Filed 3/14/22  Bui v. Situ CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| XUAN BUI,<br><br>    Plaintiff and Appellant,<br><br>  v.<br><br> JUNE SITU,<br><br>    Defendant and Respondent. | C090944<br><br> (Super. Ct. No. 34-2019-00254400-CU-MC-GDS) |

This appeal presents us with several unusual questions.  Suppose a trial court issues an order in a limited civil case that purports to dismiss a related unlimited civil case.  In that event, has the unlimited civil case actually been dismissed?  Suppose further that one of the parties seeks to appeal the trial court's purported dismissal.  Would the appeal be from a dismissal of the unlimited civil case or from a decision in the limited civil case?  The distinction matters because appeals in limited civil cases, unlike appeals in unlimited civil cases, are subject to shorter timelines and must be filed with the superior court's appellate division rather than the court of appeal.

1

Under this set of facts, we conclude that no case has actually been dismissed, as a trial court's decision in one case cannot dismiss a distinct case not before the court. We further conclude that any appeal under these facts would be from a decision in a limited civil case, not from a decision in an unlimited civil case. Because these are the circumstances of the appeal before us, and because we lack jurisdiction to hear appeals in limited civil cases that should have been filed in the superior court's appellate division, we dismiss the appellant's appeal for lack of jurisdiction.

BACKGROUND

This appeal follows from a series of lawsuits filed in the wake of Tu Van Bui's death. Following his death, his surviving spouse, June Situ (Situ), filed two actions against his surviving brother, Xuan Bui (Bui). In the first, Situ and her son alleged that they were entitled to the distributions from Tu Van Bui's life insurance policy. In the second, Situ filed an unlawful detainer action to recover possession of a home in which Bui was then living. Bui, in turn, filed two suits of his own against Situ. In one, he filed an action to quiet title in the disputed property, and in another, he sought, among other things, to dissolve a partnership that he had allegedly operated with Tu Van Bui (the partnership action). Of these four suits, two are particularly important for our purposes— the unlawful detainer action, which was a limited civil case, and the partnership action, which was an unlimited civil case.

Before trial in any of these cases, the parties signed and filed a stipulation in the unlawful detainer action. The stipulation, among other things, states: "[Situ] shall pay $10,000 to defendant, Xuan Bui. Xuan Bui upon receipt of payment shall file a Request for Dismissal with prejudice in the matter of Xuan Bui v. June Situ, et al. Sacramento County Superior Court Case No. 18-00227845 [i.e., the quiet title action]. June Situ disclaims any and all interest in the proceeds of the life insurance policy for the life of Tu Van Bui. Funds on deposit with the Sacramento County Superior Court, Case No. 2018-

2

00227845 are to be released to Xuan Bui. The parties will execute a full and comprehensive settlement agreement and mutual release of all claims."

The stipulation adds that Situ will dismiss her unlawful detainer action "upon [Bui's] performing all the terms of the stipulation" and that, "[p]ursuant to California Code of Civil Procedure § 664.6, the court shall retain jurisdiction over the parties to enforce this settlement until performance of the terms and provisions herein." (See Code Civ. Proc., § 664.6, subd. (a) ["If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."].)

The parties afterward disputed the scope of their stipulation. According to Situ, the stipulation described the material terms of a settlement that would resolve all the parties' claims against one another, including Bui's claims in the partnership action. But according to Bui, although the parties intended to resolve many of their claims against one another, they did not intend for their stipulation to cover Bui's claims in the partnership action.

After the parties failed to reach a resolution, Situ filed a "Motion to Enforce the Judgment Pursuant to CCP Section 664.6" in the unlawful detainer action. Although the motion is not part of the record, Situ appears to have asked the court to dismiss Bui's partnership action and to find that Bui agreed to the terms of a proposed settlement agreement that would require the parties to "settle and dismiss, with prejudice, all of their claims against each other. . . ." The court agreed to grant Situ her requested relief. It "ordered that [the partnership action] be dismissed with prejudice" and further "order[ed] that the [proposed settlement agreement] be deemed signed by [Bui]. . . ." (Capitalization removed.)

3

The trial court clerk afterward, on September 23, 2019, mailed a filed-endorsed copy of the trial court's order to Bui. Several weeks later, on October 11, 2019, Situ filed and served a notice of entry of judgment in the partnership action based on the trial court's order in the unlawful detainer action. Bui appealed on November 15, 2019.

DISCUSSION

On appeal, Bui contends the trial court misinterpreted the parties' stipulation. In his reading, the stipulation required Bui to dismiss his quiet title action but did not, as the trial court found, also require him to dismiss his partnership action. Situ, in turn, contends we need not consider the merits of Bui's appeal for two reasons. First, she argues we should dismiss his appeal for lack of jurisdiction. She reasons that because Bui has attempted to appeal the trial court's order in the unlawful detainer action, which was a limited civil case, he needed to file his appeal with the appellate division of the superior court and no later than 30 days after the trial court clerked served him with a filed-endorsed copy of the trial court's order. Situ further asserts that even if we had jurisdiction to hear Bui's appeal, we should nonetheless dismiss the appeal as a sanction for Bui's alleged misconduct at the trial level.

We agree that we lack jurisdiction to hear Bui's appeal. To start, Bui filed his appeal in the wrong court. Bui has appealed one order in this case—the trial court's order in the unlawful detainer action. In Bui's own words, his appeal "is from the September 10, 2019, order in the UD Action," that is, the order in the unlawful detainer action. He then contends we have jurisdiction to hear his appeal because an order, like the one here, granting a motion to enforce a settlement under Code of Civil Procedure section 664.6 is appealable. (See *Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1252 [stating that an appellate court may treat an order granting a motion to enforce a settlement under Code of Civil Procedure section 664.6 as an appealable judgment].) But whether the trial court's order in this case is appealable and whether we are the proper

4

court to hear the appeal are two very different issues.[1]  And focusing on the latter issue, we find we are not the proper court.  Because the unlawful detainer action was a limited civil case, as all parties acknowledge, Bui should have filed his appeal with the appellate division of the Sacramento County Superior Court rather than this court.  (Code Civ. Proc., § 904.2 ["An appeal of a ruling by a superior court judge or other judicial officer in a limited civil case is to the appellate division of the superior court."].)

Apart from filing his appeal in the wrong court, Bui also filed his appeal too late. Under California Rules of Court, rule 8.822(a)(1), as relevant here, "a notice of appeal [in a limited civil case] must be filed on or before the earliest of:  [¶]  (A) *30 days after the trial court clerk serves the party filing the notice of appeal* a document entitled 'Notice of Entry' of judgment or *a filed-endorsed copy of the judgment, showing the date it was served*;  [¶]  (B) 30 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or  [¶]  (C) 90 days after the entry of judgment."  (Italics added.)  Applying this rule to our facts, Bui needed to file his appeal no later than October 23, 2019—which was 30 days after the trial court clerk mailed to Bui a file-endorsed copy of the trial court's order.  But Bui instead filed his appeal on November 15, 2019, nearly a month too late.

For both these reasons, we conclude that we lack jurisdiction to hear Bui's appeal. Had Bui filed his appeal timely but in the wrong court, we perhaps would have transferred the case to the appellate division of the Sacramento County Superior Court. (See *People v. Nickerson* (2005) 128 Cal.App.4th 33, 39-41 [transferring case, which had wrongly been filed with the court of appeal, to the appellate division of a county's superior court].)  But because his appeal is also untimely, we have no choice but to

---

[1]  We assume without deciding that the trial court's order here was appealable.

dismiss. (*Bourhis v. Lord* (2013) 56 Cal.4th 320, 329 ["filing a timely notice of appeal is a jurisdictional requirement"]; *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 674 [when a notice of appeal "has not in fact been filed within the relevant jurisdictional period—and when applicable rules of construction and interpretation fail to require that it be deemed in law to have been so filed—the appellate court, absent statutory authorization to extend the jurisdictional period, lacks all power to consider the appeal on its merits and must dismiss"].)

In seeking a contrary result, Bui appears to have construed the trial court's order in the unlawful detainer action as the judgment of dismissal in the partnership action. But a trial court's order in one case (here, the unlawful detainer action) cannot dismiss a distinct case (here, the partnership action). Although we are unaware of any case law on this topic, we find Code of Civil Procedure section 581d makes this result clear enough. It explains that "[a]ll dismissals ordered by the court shall be in the form of a written order signed by the court and filed in the action"—as in, "the action" being dismissed. But in the partnership action, no dismissal order was ever filed. And so, the trial court's purported dismissal of the case notwithstanding, Bui's partnership action remains pending.[2]

---

[2] After we requested supplemental briefing on this topic, Bui agreed that "[w]hile a court has the power to dismiss the action pending before it, there does not appear to be authority for an order in one case to be entered without further action as a dismissal of another." Situ, on the other hand, argued otherwise. She argued that because a trial court has inherent authority "to exercise a reasonable control over all proceedings connected with the litigation before it" (*Cooper v. Superior Court In and For Los Angeles County* (1961) 55 Cal.2d 291, 301), it can dismiss related proceedings not before it when "it is advisable to do so"—and it may do so, Situ suggests, no matter where these related proceedings are filed. We disagree. A trial court, to be sure, has inherent authority to do many things in the proceedings before it; but it has no inherent authority to dismiss cases not before it.

6

## DISPOSITION

The appeal is dismissed.  Situ is entitled to recover her costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

_____\s\_____,
BLEASE, Acting P. J.

We concur:

_____\s\_____,
RENNER, J.

_____\s\_____,
KRAUSE, J.