Filed 3/19/24  P. v. Hunt CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C098502 |
| Plaintiff and Respondent, | (Super. Ct. No. 23CR000336) |
| v. | |
| DAVID WAYNE HUNT JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant David Wayne Hunt, Jr., asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review has determined we lack appellate jurisdiction over defendant's appeal, and we will transfer it to the appellate division of the superior court.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

BACKGROUND

The prosecution charged defendant with one felony count of making a criminal threat.  (Pen. Code, § 422, subd. (a).)  Defendant pleaded guilty to the crime as a misdemeanor.  The trial court imposed a three-year term of probation and imposed various fines and fees.

1

The trial court granted defendant a certificate of probable cause and defendant filed a notice of appeal.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

This court has no jurisdiction in this case because "a defendant is not 'charged with a felony' . . . until an information or indictment is filed or a complaint is certified to the superior court pursuant to [Penal Code] section 859a." (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 38.) Although the complaint alleged one felony count of making a criminal threat, there was no preliminary hearing and defendant entered his plea to making a criminal threat as a misdemeanor. Accordingly, we will transfer the case to the superior court appellate division. (Gov. Code, § 68915.)

## DISPOSITION

The appeal is transferred to the appellate division of the superior court.

/s/_____<br>
Ashworth, J.[*]

We concur:

/s/_____
Krause, Acting P. J.

/s/_____
Boulware Eurie, J.

---

[*]    Judge of the El Dorado County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2