Filed 12/9/25  P. v. Lozano CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MANUEL ALEJANDRO LOZANO,<br><br>Defendant and Appellant. | C102734<br><br>(Super. Ct. Nos. 24CF04313, 23CM00964) |

Appointed counsel for defendant Manuel Alejandro Lozano asked this court to review the record in two cases – misdemeanor case No. 23CM00964 (case No. 64) and felony case No. 24CF04313 (case No. 13) – and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Prior

to filing the *Wende* brief, however, appointed counsel asked us to determine this court's jurisdiction over the appeal from the misdemeanor case.

Because we lack appellate jurisdiction over defendant's appeal from the misdemeanor case, we will transfer it to the appellate division of the superior court. As for felony case No. 13, finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

Pursuant to a plea agreement in case No. 64, defendant pleaded no contest to misdemeanor driving under the influence (DUI) (Veh. Code, § 23152, subd. (a)) and admitted an enhancement allegation that his blood alcohol content was greater than .15 percent (Veh. Code, § 23578). The trial court placed defendant on informal probation for five years with 20 days in jail.[1]

In case No. 13, defendant pleaded no contest to felony injuring a spouse or co-habitant after a prior conviction for the same crime. (Pen. Code, § 273.5, subd. (f)(1).)[2] The trial court sentenced defendant to the middle term of four years in state prison, imposed various fines and assessments, reserved jurisdiction regarding victim restitution, and awarded defendant 53 days of actual credit and 52 days of conduct credit. In case No. 64, the trial court terminated probation and sentenced defendant to a concurrent term of six months.

Defendant did not obtain a certificate of probable cause.

---

[1] Defendant also pleaded no contest to DUI in case No. 22CM05963, and to injuring a spouse or cohabitant (Pen. Code, § 273.5) in case No. 23CF04737. Those cases are not part of this appeal.

[2] Undesignated statutory references are to the Penal Code.

2

## II

Prior to filing the *Wende* brief, defendant asked us to determine whether this court has jurisdiction over misdemeanor case No. 64, citing *People v. Nickerson* (2005) 128 Cal.App.4th 33 (*Nickerson*). We conclude this court lacks jurisdiction over the misdemeanor case.

"A Court of Appeal has appellate jurisdiction over appealable orders from 'felony case[s].' [Citations.] The appellate divisions of the superior courts, by contrast, have appellate jurisdiction over appealable orders from 'misdemeanor case[s].' [Citations.]" (*Nickerson, supra*, 128 Cal.App.4th at p. 36.) In *Nickerson*, because the only felony charge in the case had been reduced to a misdemeanor prior to the filing of an indictment or information, the appellate court held the case was a misdemeanor case over which it did not have jurisdiction. (*Id.* at p. 35.) As a result, the appellate court transferred the appeal to the appellate division of the superior court. (*Ibid.*)

Here, as to case No. 64, this court does not have appellate jurisdiction because that case has always been a misdemeanor case. We will transfer the case to the superior court appellate division pursuant to Government Code section 68915. (*Nickerson, supra*, 128 Cal.App.4th at pp. 38, 40; *People v. Shoup* (2001) 89 Cal.App.4th 420, 421.)

As to defendant's appeal from felony case No. 13, this court has jurisdiction to address the appeal. (§§ 691, subd. (f); 1235, subd. (a).) Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

In case No. 24CF04313, the judgment is affirmed.  Case No. 23CM00964 is transferred to the appellate division of the Butte County Superior Court.


                                        /S/
                                        MAURO, Acting P. J.



We concur:



        /S/
DUARTE, J.



        /S/
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4