Filed 3/23/26  P. v. Helton CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ARNETT HELTON, JR.,<br><br>        Defendant and Appellant. | A173747<br><br>(Alameda County<br>Super. Ct. No. 5227378) |

Defendant Arnett Helton appeals from an order denying his petition to seal and destroy his arrest record pursuant to Penal Code section 851.8.[1] Defendant's court-appointed counsel has asked this court to independently examine the record in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine if there are any arguable issues that require briefing. Under section 851.8, subdivision (p), we lack jurisdiction to decide the appeal because no accusatory pleading was ever filed against defendant.  In such circumstances, the appeal must instead be decided by the appellate division of the superior court.  (§ 851.8, subd. (p)(2).)  Accordingly, we will transfer this appeal to the Appellate Division of the Alameda County Superior Court.

---

[1]     All further undesignated statutory references are to the Penal Code.

## BACKGROUND

On February 23, 2005, defendant was arrested for rape (§ 261). (See Oakland Police Department, case no.5227378.)

On March 6, 2023, representing himself, defendant filed a petition to seal his arrest record pursuant to section 851.91.[2] And by order dated July 10, the trial court granted it.

In March 2025, again representing himself, defendant filed a petition to seal and destroy his arrest record pursuant to section 851.8. The petition made reference to the history of his prior petition and cited to various rules and cases in a memorandum of points and authorities. But nowhere in this petition was there any reference to the facts or circumstances surrounding the crime for which defendant was arrested in 2005.

On April 14, defendant's petition came on for hearing. Defendant was not present. Defendant's wife was present and advised the court that she has "everything that you need and [she] can speak on it." After some discussion in which defendant's wife admitted she was not an attorney, the court acknowledged her presence, but advised that he was not "accepting you as [defendant's] representative," going on to note that the court will "explain and hopefully you can understand."

The hearing then turned to some discussion about the history of defendant's prior petition and what one or more agencies did or do not do in connection with it, and then to some discussion about records in the prison system. After that, the following occurred:

"THE COURT: I'm kind of at a loss. First of all, I would deny the

---

[2] For reasons not disclosed in the record, defendant was apparently incarcerated at the time that petition was filed, as well as during the proceedings underlying the petition at issue in this appeal.

petition, under 851.8. That is a finding of factual innocence. It's not simply a sealing.

"MS. HELTON:   Okay.

"THE COURT:  It's basically a finding by me. A lot of evidence has to be presented to me finding that, essentially, this didn't happen kind of."

Then, after more discussion about the prison records, the court concluded as follows:

"Okay. I've re-read through 851.91. So a lot of the effect of the order that was granted giving 851.9 relief in 2023 has to do with, you know, his records that are in—if he's out of jail in the public context and looking for a job and things like that. That doesn't rule what happens in jail. Jail has their own concerns about access to people that are in custody, so it's outside of my power to address that. And I'm guessing—and I'm not giving you legal advice—that it's something that he needs to take up inside the whole jail system; okay? They've made that classification. The Court hasn't classified him as 'R' or whatever that is, so there's nothing else I can do.

"But I'm denying the motion filed because it's not supported for factual innocence . . . ."

On June 12, defendant filed a notice of appeal.

On February 11, 2026, defendant's appointed appellate counsel filed an opening brief raising no issues and asking this court to independently examine the record pursuant to *Wende, supra,* 25 Cal.3d 436. Counsel advised defendant he had a right to file a supplemental brief, and he has filed a "supplemental letter brief." It is two single-spaced pages, and ends with a verification under penalty of perjury. And in it, defendant sets forth, for the first time, facts he claims establish he is "factually and actually innocent" of the crime of rape for which he was arrested in 2005. In particular, he asserts

3

that he was arrested on February 22, 2005, and thus "it was not possible" he could have participated in the assault on February 23. He also asserts that results from a Suspected Abuse Response Team (SART) exam revealed that his DNA was not found on the alleged victim.

## DISCUSSION

Section 851.8, subdivisions (a) and (b), govern the process for requesting sealing and destruction of arrest records based on factual innocence in cases in which the person was arrested and no accusatory pleading was filed. (*People v. O'Day* (2022) 85 Cal.App.5th 426, 432.) Subdivision (a) states that the person arrested may first petition the law enforcement agency having jurisdiction over the offense to destroy its records of the arrest. Subdivision (b) provides that in any case in which the law enforcement agency denies or fails to respond to the petition, the person arrested may file a petition in superior court asking to have the records sealed and destroyed.[3] The court may grant the petition based on a finding of factual innocence if it concludes that "no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made." (§ 851.8, subd. (b).)

The appealability of orders made under section 851.8 is governed by subdivision (p), which provides: "A judgment of the court under subdivision (b), (c), (d), or (e) is subject to the following appeal path: [¶] (1) In a felony

---

[3]     Section 851.8, subdivision (*l*) provides in part: "For arrests occurring on or after January 1, 1981, and for accusatory pleadings filed on or after January 1, 1981, petitions for relief under this section may be filed up to two years from the date of the arrest or filing of the accusatory pleading, whichever is later. . . . Any time restrictions on filing for relief under this section may be waived upon a showing of good cause by the petitioner and in the absence of prejudice."

case, appeal is to the court of appeal.  [¶]  (2) In a misdemeanor case, *or in a case in which no accusatory pleading was filed*, appeal is to the appellate division of the superior court."  (Italics added.)

The record does not show that any accusatory pleading was filed against defendant.  Indeed, in his section 851.91 petition, defendant stated that "[t]he arrest in question did not result in charges being filed or a conviction."  Similarly, in his supplemental brief, defendant avers that "[t]he Alameda District Attorney declined to prosecute in 2005" and that he was told by the District Attorney's office that " 'this case was not charged . . . .' " Because no accusatory pleading was filed against defendant, section 851.8, subdivision (p)(2) applies here.  Further, although defendant was arrested for a felony offense, this is not a "felony case" within the meaning of subdivision (p)(1).  A felony case is "a criminal action in which a felony is charged." (§ 691, subd. (f).)  As just stated, no felony was ever charged against defendant.

Accordingly, jurisdiction over this appeal belongs with the appellate division of the superior court.  We therefore transfer this appeal to the Appellate Division of the Alameda County Superior Court pursuant to Government Code section 68915.[4]  (See *People v. Nickerson* (2005) 128 Cal.App.4th 33, 39–41.)

---

[4]    Government Code section 68915 provides:  "No appeal taken to the Supreme Court or to a court of appeal shall be dismissed for the reason only that the same was not taken to the proper court, but the cause shall be transferred to the proper court upon such terms as to costs or otherwise as may be just, and shall be proceeded with therein, as if regularly appealed thereto."

5

## DISPOSITION

This appeal is transferred to the Appellate Division of the Alameda County Superior Court.

_____

RICHMAN, J.

We concur.

_____

STEWART,  P. J.

_____

DESAUTELS, J.

(A173747N)