Filed 7/26/16  P. v. Vega CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G052919 |
| v. | (Super. Ct. No. P02088) |
| FRANK XAVIER VEGA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed.

Frank Xavier Vega, in pro. per.; and Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Frank Xavier Vega appeals from an order revoking and reinstating his parole. Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting we review the entire record. Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel identified a potential issue to assist us in our independent review. Vega was granted 30 days to file written arguments in his own behalf. He filed a supplemental brief.

We have examined the entire record, counsel's *Wende/Anders* brief, and Vega's supplemental brief. After considering the entire record, we have found no reasonably arguable issue. (*Wende*, *supra*, 25 Cal.3d 436.) We therefore affirm.

BACKGROUND

In October 2015, the California Department of Corrections and Rehabilitation filed a petition seeking the revocation of Vega's parole. The petition stated that on August 13, 2015, Vega had been convicted of failing to register as a sex offender under Penal Code section 290.018, subdivision (b), and was sentenced to a prison term of one year four months. On September 22, Vega was released on parole with terms and conditions requiring, inter alia, that he participate in continuous electronic monitoring through global positioning system (GPS) technology. The petition stated Vega had violated the terms and conditions of his parole by disabling the GPS device that he was required to wear.

At the hearing on the petition for revocation of Vega's parole, Donnell Thrower testified that he was Vega's parole agent.[1] He stated that Vega was required to charge his GPS device at least two times per day (every 12 hours) for at least one full

---

[1] Supervision of Vega was scheduled to expire on September 21, 2018 (the controlling discharge date).

hour for each charging time.  Vega was also required to contact Thrower immediately if his GPS device "ping[ed]" or issued an alert.  When Thrower met with Vega after he had been released on parole, Thrower placed the GPS device on Vega's leg and confirmed it worked.  He also gave Vega a charger.  On September 24, 2015, Vega signed a document stating that he would abide by the parole terms of charging his GPS device.

From September 24 to September 28, Vega only twice correctly charged his GPS device; Vega testified he had charged it for an hour on September 25 and for an hour on September 26.  Thrower testified Vega's GPS device pinged or made chirping noises and vibrated when its battery was low.  Thrower could see on his computer that Vega's GPS device had a low battery status, but Vega failed to contact Thrower at that point.  When the GPS device's battery died, Thrower looked up Vega's last GPS location and went to that location where he found and arrested Vega.  Vega admitted to Thrower that he had not charged the GPS device.

The trial court found Vega in violation of his parole terms and conditions as set forth in the petition for revocation of parole.  The court revoked Vega's parole, ordered him to serve 180 days in custody, awarded him credit for time served, and reinstated his parole.  Vega appealed.

ANALYSIS

We have reviewed the record and briefs in accordance with our obligations under *Wende* and *Anders*, and we find no arguable issues on appeal.  Vega filed a supplemental brief, but therein stated he had "no reason" for challenging his "parole violation" as he has already served the time imposed for that violation.

Instead of challenging the trial court's order regarding the revocation of his parole, in his supplemental brief,[2] Vega states that he wishes to challenge a prior "sex

_____

[2] After Vega filed his supplemental brief, this court received correspondence from Vega requesting new appellate counsel.  This court treated Vega's correspondence as a

3

case" that was tried in 2006. He further states that he asked his then-assigned public defender to appeal that conviction, but he was later informed by a subsequently assigned attorney that no appeal had been filed.

The parole violation report, filed in the instant case, shows that in 2006, Vega was convicted of several misdemeanors, including annoying a child under 18 years of age in violation of Penal Code section 647.6, subdivision (a), and indecent exposure in violation of Penal Code section 314, subdivision 1. Vega's challenge to any or all of his 2006 misdemeanor convictions is not before this court in this appeal. Furthermore, not only is any challenge to those convictions at this point in time untimely, but appeals from misdemeanor convictions are made to the appellate division of the superior court, not to this court. (See Pen. Code, § 1466; *People v. Nickerson* (2005) 128 Cal.App.4th 33, 36 ["The appellate divisions of the superior courts, by contrast, have appellate jurisdiction over appealable orders from 'misdemeanor case[s].'"].)[3]

Even if this court had jurisdiction, we could not construe Vega's supplemental brief as a petition for a writ of habeas corpus pursuant to *In re Benoit*

---

*People v. Marsden* (1970) 2 Cal.3d 118 motion, directed the clerk of the court to file it, and, for reasons set forth in the court's order, sealed the document. This court denied Vega's motion and further directed the clerk of the court to unseal the motion, transmit a copy of it to Vega's appellate counsel of record only, and reseal the record.

[3] Pursuant to Evidence Code sections 459, subdivision (a) and 452, subdivision (d), on our own motion, we take judicial notice of the trial court's minutes from Orange County Superior Court case No. 05NM08202, which show Vega was convicted on January 19, 2006, of, inter alia, three counts of indecent exposure in violation of Penal Code section 314, subdivision 1, and one count of annoying a child under 18 years of age in violation of Penal Code section 647.6, subdivision (a). The minutes further show that a notice of appeal from the judgment of conviction in that case was filed on Vega's behalf on March 21, 2006. We also take judicial notice of the Orange County Superior Court Appellate Division's order on appeal (case No. AP14598) affirming Vega's 2006 judgment of conviction, entered on August 3, 2007, and remittitur, filed on September 24, 2007.

(1973) 10 Cal.3d 72 because our record shows Vega is no longer in custody for his convictions for those offenses.

Given that Vega has not raised any issues for our review regarding his appeal from the trial court's order revoking his parole, we affirm that order. (See *People v. Kelly* (2006) 40 Cal.4th 106, 120, 124.)


DISPOSITION

The order is affirmed.



FYBEL, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

5