Filed 12/28/20  P. v. Escobar CA1/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RUTILIO ESCOBAR,<br><br>    Defendant and Appellant. | A160369<br><br>(Mendocino County<br>Super. Ct. No. SCUK-CRCR-1931201) |

Defendant Rutilio Escobar appeals from a postjudgment restitution order requiring him to pay $828.18 to his wife, Wendy Escobar (Wendy), after he was convicted of the misdemeanor[1] offense of injuring a wireless communication device (Pen. Code, § 591.5).[2]  Escobar's counsel asked this court for an independent review of the record to determine if any arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Escobar was informed of his right to file a supplemental brief and did not do so.  Having independently reviewed the record, we conclude there are no issues that require further briefing, and affirm the judgment.

---

[1] We have jurisdiction over Escobar's appeal because he was initially charged with two felonies, even though he was only convicted of a misdemeanor.  (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 36.)

[2] All further undesignated statutory references are to the Penal Code.

## BACKGROUND

Following a domestic dispute on April 11, 2019, the Mendocino County District Attorney charged Escobar with felony criminal threats (§ 422 [count one]), felony false imprisonment (§ 236 [count two]), and misdemeanor injury to a wireless communication device (§ 591.5 [count three]). Escobar pleaded no contest to count three, and the remaining charges were dismissed. The court placed Escobar on probation for three years with various conditions, including that he have no contact with Wendy. The court reserved the issue of victim restitution pending further hearing.

At the restitution hearing, Escobar stipulated to the replacement cost of $211.29 for Wendy's mobile phone. Wendy testified that Escobar broke her police and fire scanner when he took it away from her the night of April 11 and threw it on the floor. Wendy provided a receipt for a replacement scanner that she bought at a factory outlet store for $104.58. Wendy further testified that Escobar broke her diamond necklace when he grabbed her shirt by the collar and broke the chain. Wendy provided a receipt showing that the necklace cost $15 to repair. Wendy also testified that on April 11, Escobar punched a hole in the bathroom door. Wendy obtained an estimate of $497.31 to repair the door.

Although Escobar disputed the additional restitution claims, the court found Wendy's testimony credible, and the requested restitution reasonable and adequately documented. The court ordered Escobar to pay Wendy restitution in the amount of $828.18.

## DISCUSSION

By stipulating to the replacement cost of $211.29 for Wendy's mobile phone, Escobar has waived his right to challenge this amount on appeal. (*People v. Bradley* (2012) 208 Cal.App.4th 64, 90.) Thus, we only address the

remaining award of $616.89.  A trial court's restitution calculation is not subject to reversal on appeal unless there is no factual and rational basis for it.  (*People v. Baker* (2005) 126 Cal.App.4th 463, 467.)  We conclude the record before us does not warrant disturbance of the court's award.[3]

In short, there are no arguable issues to be raised on appeal.

## DISPOSITION

The judgment is affirmed.

---

[3] We recognize restitution does not have to be directly based on the conduct for which a defendant stands convicted.  (*People v. Carbajal* (1995) 10 Cal.4th 1114.)  For example, "restitution has been found proper where the loss was caused by related conduct not resulting in a conviction . . . and by conduct resulting in an acquittal [citation]."  (*Ibid.*)  Thus, Wendy's additional losses beyond the replacement of her mobile phone were appropriate under this standard.

_____

Jackson, J.


WE CONCUR:


_____

Siggins, P. J.


_____

Petrou, J.


A160369/*People v. Rutilio Escobar*

4