Filed 9/22/22  P. v. Jackson CA1/2
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>BAKARI BILAL JACKSON,<br><br>     Defendant and Appellant. | A162659<br><br>(Contra Costa County<br>Super. Ct. Nos. 5-191723-6; 2-330678-4; 2-331222-0) |

Defendant Bakari Bilal Jackson appeals from orders finding him not competent to stand trial and committing him to the Department of State Hospitals pursuant to Penal Code section 1367 et seq.[1]  His appointed counsel has filed a brief raising no issues, asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), or, alternatively, to exercise our discretion to retain the appeal as prescribed in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).  Although *Wende* review is not mandated, our discretionary review of the record reveals no meritorious issues for briefing.  We affirm.

## BACKGROUND

In October 2017, Jackson was convicted of assault by means of force

---

[1] Undesignated statutory references are to the Penal Code.

1

likely to produce great bodily injury (§ 245, subd. (a)(4)) and sentenced to three years in prison. Jackson was released on postrelease community supervision (PRCS) under various terms and conditions, including that he report to the probation department as directed and refrain from criminal conduct.

Jackson allegedly violated PRCS on several occasions. On September 5, 2019, the District Attorney filed a complaint under case No. 2-330678-4 charging Jackson with assault with a deadly weapon (§ 245, subd. (a)(1)), with sentence enhancements and other sentencing allegations. On that same day, the probation department petitioned to revoke Jackson's PRCS, alleging he had violated the terms of his PRCS by committing the assault charged in case No. 2-330678-4 and doing so as a "hate crime" (§ 422.7), as well as by repeatedly failing to report to probation. The petition proceedings were docketed under case No. 5-191723-6.

The above two matters had not been formally consolidated but were being litigated together.[2] In those matters, the trial court twice conducted

---

[2] Along with two other criminal cases: Nos. 2-322711-3 and 2-331222-0. Jackson has filed a separate notice of appeal from incompetency and commitment orders in case No. 2-331222-0. However, the prosecution later reported at a December 1, 2021 hearing that both cases Nos. 2-322711-3 and 2-331222-0 had been dismissed. In any event, we have no jurisdiction to consider the appeal in case No. 2-331222-0, since it was filed as a misdemeanor case. (See *People v. Nickerson* (2005) 128 Cal.App.4th 33, 36 [the Courts of Appeal have jurisdiction over appealable orders in a "felony case," while the appellate divisions of the superior courts have jurisdiction over appealable orders in "misdemeanor case[s]"], citing §§ 1235, subd. (a), 1466; Cal. Const., art. VI, § 11.) Accordingly, we will transfer the appeal in that case to the appellate division of the superior court. (See *Nickerson*, *supra*, at pp. 39–41; Gov. Code, § 68915.) Our decision here therefore governs only the appeals in cases Nos. 2-330678-4 and 5-191723-6, both of which involve felony charges and are thus properly before us. (See § 1235, subd. (a).)

competency proceedings under section 1367 et seq., first in late 2019, and second in early 2021.[3] At issue here is the second round of competency proceedings. These are the pertinent facts.

On February 3, 2021, the court declared a doubt regarding Jackson's competence to stand trial. It appointed Shoko Kokubun, Ph.D. and Donald Siggins, Ed.D. to evaluate Jackson. Jackson did not request a jury trial on the issue of competency.

On March 17, the court held a competency hearing. With the agreement of all counsel, the court admitted the reports of Dr. Siggins and Dr. Kokubun into evidence. The parties agreed that of the two reports, Dr. Kokubun's report was "more persuasive" and "more thorough," and thus they both submitted on that report. On the basis of Dr. Kokubun's report, Jackson was found incompetent to stand trial.

The court referred Jackson to the Contra Costa Conditional Release Program (CONREP) for a recommendation regarding his proper placement. Based on the CONREP recommendation, the court committed Jackson to the Department of State Hospitals.

Jackson filed timely notices of appeal in cases Nos. 2-330678-4 and 5-191723-6, which were assigned the same appellate case number, A162659.

Jackson's appointed counsel has filed a brief raising no issues and asks us to independently review the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. Counsel states that after filing the appeals, Jackson was restored to competency and criminal proceedings resumed, during which he entered a

---

[3] The trial court sealed many documents and some transcripts relevant to the competency proceedings. In accordance with the California Rules of Court, the sealed documents and transcripts were filed under seal in this court. (Cal. Rules of Court, rule 8.46(b).)

plea and was granted probation on December 1, 2021. Since then, he has been released from probation. Jackson was advised of his right to file a supplemental brief but has not filed such a brief.

## DISCUSSION

Jackson's counsel initially asserts this court "must" conduct a *Wende* review, but later acknowledges our Supreme Court's decision in *Ben C.*, which held that *Wende* review is inapplicable to appeals of Lanterman-Petris-Short Act conservatorship proceedings (Welf. & Inst. Code, § 5000 et seq.). (*Ben C.*, *supra*, 40 Cal.4th at pp. 538–543.) Counsel also points us to *People v. Blanchard* (2019) 43 Cal.App.5th 1020 (*Blanchard*), in which Division Three of this court, relying on *Ben C.* and other relevant cases, concluded that due process does not require independent review in incompetency commitment proceedings such as these. (*Blanchard*, *supra*, 43 Cal.App.5th at pp. 1024–1025.) The *Blanchard* court explained that in appeals in such proceedings, appointed counsel should follow the process identified in *Ben C.* by filing a brief setting forth the relevant facts and law and informing the court that he or she has found no arguable issue to be pursued on appeal. Such a brief, the court stated, provides an adequate basis for dismissal. (*Blanchard*, at pp. 1025–1026.)

Counsel, however, notes that under *Ben C.* we retain the discretion to conduct a *Wende* review. (See *Ben C.*, *supra*, 40 Cal.4th at p. 544, fn. 7.) Given the "private interests at stake" and the "restraints upon physical freedom and personal autonomy" at issue, as described by the forceful dissent in *Ben C.*, we elect to proceed with a *Wende* review. (*Ben C.*, at p. 545 (dis. opn. of George, C.J.).)

Having examined the entire record, we conclude the appeals are moot. Counsel states that while the appeals were pending, Jackson was restored to

4

competency, entered a plea and was granted probation, and subsequently was released from probation. Once a defendant has been restored to competency and criminal proceedings are reinstated, the appeal from the incompetency finding and commitment becomes moot. (See *People v. Lindsey* (1971) 20 Cal.App.3d 742, 743–744.)

But even if the appeals are not moot, our review of the record discloses no arguable issues. The finding that Jackson was not competent to stand trial is supported by substantial evidence. The commitment ordered by the court is authorized by law. Jackson was at all times represented by able counsel.

## DISPOSITION

The orders in cases Nos. 2-330678-4 and 5-191723-6 finding Jackson incompetent to stand trial and committing him to the Department of State Hospitals are affirmed. The appeal for case No. 2-331222-0 is transferred to the appellate division of the superior court.

5

_____

Richman, Acting P. J.

We concur:


_____

Miller, J.


_____

Mayfield, J. *


*People v. Jackson* (A162659)

    \*Superior Court of Mendocino County, Judge Cindee Mayfield, sitting as assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6