Filed 11/3/23  P. v. Terrell CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081597 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. MCR22479) |
| RYLEQUE TERRELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Theodore M. Weathers, Judge.  Dismissed and transferred.

Eric Multhaup, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Ryleque Terrell appeals from an order denying his petition to seal and destroy arrest records under Penal Code[1] section 851.8, subdivision (b).  His appointed appellate counsel filed an opening brief raising no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967)

---

[1]    All further statutory references are to the Penal Code.

386 U.S. 738 (*Anders*).)  Under section 851.8, subdivision (p), we lack jurisdiction to decide the appeal because no accusatory pleading was ever filed against Terrell.  In such circumstances, the appeal must instead be decided by the appellate division of the superior court.  (§ 851.8, subd. (p)(2).)  Accordingly, we dismiss the appeal and transfer it to the Appellate Division of the San Diego County Superior Court.

FACTUAL AND PROCEDURAL BACKGROUND

In November 2022, Terrell filed a pro per petition to seal and destroy arrest records relating to his March 8, 2022 arrest for robbery (§ 211) and corporal injury to a spouse or roommate (§ 273.5, subd. (a).)  His petition alleged that the arrest did not result in the filing of a criminal complaint.

In a written opposition, the People argued that the petition should be denied because the police had reasonable cause to believe that Terrell committed the offenses for which he was arrested.  The People attached to the petition copies of the relevant police reports for the March 8, 2022 arrest, an emergency protective order issued the same day, and a police report declining to request the filing of charges.

According to the arrest report, the complaining witness was Terrell's ex-girlfriend, R.G.  She reported that Terrell gouged her face with his fingernails inside her apartment.  As a result, she sustained three lacerations near her right eye.  Terrell also forcefully took a key fob from inside the apartment.

The trial court held a hearing on Terrell's petition.  Based on the police reports, the court denied the petition on the ground that there was a basis for the police to arrest Terrell for domestic violence and robbery.

Terrell filed a timely notice of appeal.  The notice of appeal incorrectly stated that Terrell was appealing from the denial of a motion to suppress

2

evidence under section 1538.5. After we appointed appellate counsel for Terrell, his counsel filed a no-issues brief under *Wende* and *Anders*.[2] We issued an order granting Terrell 30 days to file his own supplemental brief. He did not file a supplemental brief.

DISCUSSION

Section 851.8, subdivisions (a) and (b), govern the process for requesting sealing and destruction of arrest records based on factual innocence in cases in which the person was arrested and no accusatory pleading was filed. Subdivision (a) states that the person arrested may first petition the law enforcement agency having jurisdiction over the offense to destroy its records of the arrest. Subdivision (b) provides that in any case in which the law enforcement agency denies or fails to respond to the petition, the person arrested may file a petition in superior court asking to have the records sealed and destroyed. The court may grant the petition based on a finding of factual innocence if it concludes that "no reasonable cause exists to believe that the arrestee committed the offense for which the arrest was made." (§ 851.8, subd. (b).)

The appealability of orders made under section 851.8 is governed by subdivision (p), which provides: "A judgment of the court under subdivision (b), (c), (d), or (e) is subject to the following appeal path: [¶] (1) In a felony case, appeal is to the [C]ourt of [A]ppeal. [¶] (2) In a misdemeanor case, *or*

---

[2]    Although we appointed appellate counsel for Terrell, there is no right to appointed counsel for a section 851.8 petition or appeal. (*People v. Scott M.* (1985) 167 Cal.App.3d 688, 702–703.) Accordingly, there is also no right to have an appellate court conduct a *Wende* review of the entire record. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 224 [right to *Wende* review applies only when litigant has an established constitutional right to counsel].)

*in a case in which no accusatory pleading was filed*, appeal is to the appellate division of the superior court." (Italics added.)

Because no accusatory pleading was filed against Terrell, section 851.8, subdivision (p)(2) applies here. Although Terrell was arrested for a felony offense, this is not a "felony case" within the meaning of subdivision (p)(1). A felony case is "a criminal action in which a felony is charged." (§ 691, subd. (f).) No felony was ever charged against Terrell, and the appeal thus belongs in the appellate division of the superior court. We will therefore dismiss the appeal for lack of jurisdiction and transfer it to the Appellate Division of the San Diego County Superior Court. (Gov. Code, § 68915; *People v. Nickerson* (2005) 128 Cal.App.4th 33, 39–41.)

DISPOSITION

The appeal is dismissed and transferred to the Appellate Division of the San Diego County Superior Court.

BUCHANAN, J.

WE CONCUR:


DATO, Acting P. J.


KELETY, J.

4