Filed 12/22/25  P. v. Cobb CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SETH RICHARD COBB,<br><br>    Defendant and Appellant. | C102787<br><br>(Super. Ct. Nos. 16CM01181,<br>20CF04701, 22CF04552,<br>23CF00045) |

Defendant Seth Richard Cobb appeals after the trial court sentenced him in four separate cases—three felony cases and one misdemeanor case.  His appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  As to the three felony matters, we find no arguable error that would result in a disposition more favorable to defendant, and we will affirm those judgments.  As to the misdemeanor case, we lack appellate jurisdiction over defendant's appeal, and we will transfer it to the appellate division of the superior court.

1

FACTS AND HISTORY OF THE PROCEEDINGS

Defendant stipulated to the probation report and the police reports as the factual basis for his plea. The probation report summarizes the facts from the police reports.

In September 2020, a Butte County Sheriff's deputy went to the location of a reported verbal dispute between a man and a woman at a residence. Defendant, a convicted felon, was standing near a car in front of the residence and the deputy found a loaded rifle on the car's fender. A search of defendant revealed a glass smoking pipe and a plastic bag containing .82 grams of methamphetamine. Defendant denied knowing the rifle was present and claimed his father must have left it there. At the time, defendant was on probation in a prior misdemeanor matter (case No. 16CM01181).

Defendant was charged in July 2021 in case No. 20CF04701 with possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1), count 1; statutory section citations that follow are to the Penal Code unless otherwise stated); misdemeanor possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a), count 2); and misdemeanor possession of a smoking device (Health & Saf. Code, § 11364, subd. (a), count 3). He was released on his own recognizance.

In June 2022, deputies responded to a report of a person brandishing a firearm following a property dispute. The victim lived next to defendant's mother, who had hired a goat company to clear vegetation. Several goats were on the victim's property. The victim asked defendant's mother to remove the goats, and the next day defendant confronted the victim, threatening to shoot him while pointing a handgun at him. When the victim started taking video, defendant hid the gun behind his back and threw a large, heavy piece of wood at the victim, which scraped the victim's hand.

Defendant was charged in case No. 22CF04552 with assault with a deadly weapon (§ 245, subd. (a)(1), count 1); attempted criminal threats (§§ 664, subd. (a), 422, subd.(a), count 2); misdemeanor exhibiting a firearm (§ 417, subd. (a)(2)(B), count 3); and

misdemeanor brandishing a replica gun (§ 417.4, count 4). It was further alleged that defendant was released from custody on bail or his own recognizance in case No. 20CF04701 when he committed counts 1 and 2 (§ 12022.1). The court issued a criminal protective order pursuant to section 136.2.

In December 2022, defendant failed to appear in Butte County Superior Court in several cases as ordered, and in January 2023, defendant was charged in case No. 23CF00045 with felony failure to appear while on bail (§ 1320.5, count 1). The information also alleged three on-bail enhancements (§ 12022.1).

Defendant resolved all three felony cases by a plea with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754) in exchange for a maximum potential sentence of fives year four months in prison and the dismissal of all remaining charges, enhancements, allegations, and other pending cases Defendant acknowledged the trial court would take judicial notice of his pleas in the felony cases to find him in violation of probation in his prior misdemeanor case, which could potentially add additional time to his sentence.

In case No. 22CF04552, defendant pleaded no contest to assault with a deadly weapon (§ 245, subd. (a)(1), count 1). In case No. 20CF04701, defendant pleaded no contest to being a felon in possession of a firearm (§ 29800, subd. (a)(1), count 1). In case No. 23CF00045, defendant pleaded no contest to failure to appear while on bail (§ 1320.5, count 1). Based on defendant's pleas, the trial court found him in violation of probation in case No. 16CM01181 for failing to obey all laws.

At a hearing in December 2024, defense counsel urged the trial court to grant defendant probation with mental health counseling in exchange for defendant waiving his presentence credits. The trial court denied probation after finding none of the unusual case criteria in rule 4.413 of the California Rules of Court applied. The court found the circumstances in aggravation did not outweigh the circumstances in mitigation, and sentenced defendant to the middle term of three years for the assault offense and a

3

consecutive eight months each (one third the midterm) for the felon in possession and the failure to appear offenses. The court terminated probation in case No. 16CM01181 and sentenced defendant to a concurrent six months in county jail (to be served in the state prison) in the misdemeanor matter. The court also terminated the criminal protective order previously issued in case No. 22CF04552. Defendant's total aggregate sentence was four years four months in prison.

In each felony case, the court ordered a $300 restitution fine (§ 1202.4), a $300 parole revocation restitution fine (suspended unless parole was revoked) (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, §70373). The court reserved jurisdiction to award direct victim restitution in case No. 22CF04552.

Appellate counsel subsequently filed a request in the trial court to correct a clerical error in the abstract of judgment concerning the assessment amounts, and the court corrected the abstract as requested to accurately reflect the court's oral pronouncement of judgment. Defendant was awarded credits as follows: in case No. 22CF04552, 389 actual days and 388 conduct days (for 777 days total); in case No. 20CF04701, five actual days and four conduct days (for nine days total), and in case No. 23CF00045, two actual days and two conduct days (for four days total).

Defendant filed a timely notice of appeal listing case Nos. 22CF04552, 23CF00045, 20CF04701, and 16CM01181. The trial court denied his request for a certificate of probable cause.

### DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the cases and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the

4

opening brief. More than 30 days have elapsed, and we have not received a communication from defendant.

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant in his three felony matters. (Case Nos. 22CF04552, 23CF00045, and 20CF04701.) Regarding defendant's misdemeanor matter (case No. 16CM01181), however, we conclude we lack jurisdiction to determine the appeal in that case.

"A Court of Appeal has appellate jurisdiction over appealable orders from 'felony case[s].' " (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 36; § 1235, subd. (b), Cal. Const., art. VI, § 11.) "The appellate divisions of the superior courts, by contrast, have appellate jurisdiction over appealable orders from 'misdemeanor case[s].' " (*Nickerson*, at p. 36; § 1466; Cal. Const., art. VI, § 11.) A " 'felony case' means a criminal action in which a felony is charged and includes a criminal action in which a misdemeanor or infraction is charged in conjunction with a felony." (§ 691, subd. (f).) A " 'misdemeanor or infraction case' means a criminal action in which a misdemeanor or infraction is charged and does not include a criminal action in which a felony is charged in conjunction with a misdemeanor or infraction." (§ 691, subd. (g).) In *Nickerson,* because the only felony charge in the case had been reduced to a misdemeanor prior to the filing of an indictment or information, the appellate court held the case was a misdemeanor case over which it did not have jurisdiction. (*Nickerson*, at p. 36.) As a result, the appellate court transferred the appeal to the appellate division of the superior court. (*Ibid.*)

Here, as to case No. 16CM01181, this court does not have appellate jurisdiction because defendant was charged with two misdemeanors and no felonies in that case. Thus, we transfer the case to the superior court appellate division pursuant to Government Code section 68915. (*People v. Nickerson, supra*, 128 Cal.App.4th at pp. 38, 40; *People v. Shoup* (2001) 89 Cal.App.4th 420, 421.)

5

DISPOSITION

In case Nos. 22CF04552, 23CF00045, and 20CF04701, the judgment is affirmed. Case No. 16CM01181 is transferred to the appellate division of the superior court.

\_\_\_\_/s/_____
HULL, Acting P. J.

We concur:

\_\_\_\_/s/_____
ROBIE, J.

\_\_\_\_/s/_____
FEINBERG, J.